FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARGARET A.,[1]

            Plaintiff,

   v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

No. 4:22-cv-05084-MKD

ORDER REVERSING AND
REMANDING DECISION
OF COMMISSIONER

**ECF Nos. 12, 13**

     Before the Court are the parties' briefs.  ECF Nos. 12, 13.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court reverses the Commissioner's decision and remands the case.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.  *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,*

ORDER - 2

674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

ORDER - 3

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 28, 2016, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of August 1, 2015. Tr. 15, 113, 231-41. The application was denied initially, and on reconsideration. Tr. 129-33, 137-40. Plaintiff appeared before an administrative law judge (ALJ) on June 6, 2019, and for a supplemental hearing on June 19, 2019. Tr. 42-93. On July 31, 2019, the ALJ denied Plaintiff's claim. Tr. 12-31. Plaintiff appealed the denial, resulting in a stipulated remand from this Court. Tr. 934-36. Plaintiff appeared for a remand hearing on April 14, 2022. Tr. 871-96. On May 2, 2022, the ALJ again denied Plaintiff's claim. Tr. 845-69.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 28, 2016. Tr. 850. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia; menorrhagia resolved with hysterectomy April 1, 2021;

degenerative disc disease in the lumbar spine; mild obstructive sleep apnea;

tachycardia; morbid obesity; and history of migraine headaches.  Tr. 850.

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a

listed impairment.  Tr. 853.  The ALJ then concluded that Plaintiff has the RFC

to perform light work with the following limitations:

> [Plaintiff] can stand and/or walk for two hours per day.  [Plaintiff]
> can perform postural activities occasionally but never climb
> ladders/ropes/scaffolds, kneel, crouch, and crawl.  [Plaintiff] can use
> a cane to ambulate within the work environment.  [Plaintiff] should
> avoid concentrated exposure to noise, vibrations, and respiratory
> irritants (because of history of migraines).  [Plaintiff] should avoid
> concentrated exposure to dangerous moving machinery and
> unprotected heights.

Tr. 853-54.

At step four, the ALJ found Plaintiff is unable to perform any of her past

relevant work.  Tr. 862.  At step five, the ALJ found that, considering Plaintiff's

age, education, work experience, RFC, and testimony from the vocational expert,

there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform, such as sub assembler; assembler, electrical accessories;

and router.  Tr. 863.  Therefore, the ALJ concluded Plaintiff was not under a

disability, as defined in the Social Security Act, from the date of the application

through the date of the decision.  Tr. 863-64.

ORDER - 7

Per 20 C.F.R. § 416.1484, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ conducted a proper step-three analysis;

3. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

4. Whether the ALJ conducted a proper step-five analysis.

ECF No. 12 at 6.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in her consideration of the opinions of Heather Tacheny, M.D.; and Sara Hellberg, ARNP.  ECF No. 12 at 8-16.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

ORDER - 8

1  *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations

2  omitted).  Generally, a treating physician's opinion carries more weight than an

3  examining physician's, and an examining physician's opinion carries more

4  weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations

5  give more weight to opinions that are explained than to those that are not, and to

6  the opinions of specialists concerning matters relating to their specialty over that

7  of nonspecialists."  *Id.* (citations omitted).

8          If a treating or examining physician's opinion is uncontradicted, the ALJ

9  may reject it only by offering "clear and convincing reasons that are supported by

10  substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

11  "However, the ALJ need not accept the opinion of any physician, including a

12  treating physician, if that opinion is brief, conclusory and inadequately supported

13  by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

14  (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

15  examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

16  may only reject it by providing specific and legitimate reasons that are supported

17  by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

18  F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician

19  may serve as substantial evidence if it is supported by other independent evidence

20  in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER - 9

*1. Dr. Tacheny*

Dr. Tacheny, a treating provider, rendered two opinions on Plaintiff's functioning.  Tr. 754-56, 1401-03.

      a.  May 2019

On May 1, 2019, Dr. Tacheny rendered an opinion on Plaintiff's functioning.  Tr. 754-56.  Dr. Tacheny diagnosed Plaintiff with fibromyalgia, anxiety, depression, chronic lumbar radiculopathy, and migraine headaches.  Tr. 754.  Dr. Tacheny opined Plaintiff needs to lie down for three to six hours per day; work on a regular and continuous basis would cause Plaintiff's condition to deteriorate; Plaintiff would miss four or more days per month if she worked full-time; Plaintiff is severely limited, defined as unable to lift at least two pounds or unable to stand and/or walk; Plaintiff can occasionally use her right and left upper extremities for reaching and handling; and Plaintiff would be off-task or unproductive during a 40-hour workweek over 30 percent of the time.  Tr. 754-56.  Dr. Tacheny opined the limitations have existed since November 2015.  Tr. 756.  The ALJ gave Dr. Tacheny's opinion little weight.  Tr. 861.  As Dr. Tacheny's opinion was contradicted by the opinion of Dr. Platter, Tr. 121-23, the ALJ was required to give specific and legitimate reasons, supported by substantial evidence, to reject the opinion.

The ALJ previously analyzed Dr. Tacheny's opinion in the 2019 decision. Tr. 909.  The parties stipulated to a remand for additional proceedings.  Tr. 934-36.  The stipulation included an instruction for the ALJ to "[r]eevaluate the medical evidence."  Tr. 935.  Plaintiff contends the ALJ's present analysis repeats the ALJ's 2019 erroneous analysis.  ECF No. 12 at 10.  The 2019 analysis and the present analysis of Dr. Tacheny's opinion are identical.  Tr. 861, 935.  Although the stipulated remand before this Court did not explicitly state that the Commissioner conceded error, stipulated remands occur when the Social Security Administration has recognized an error occurred and the Administration agrees to a remedy for the error.  *See, e.g., Hansen v. Saul*, No. 8:20-CV-00826-SK, 2021 WL 4622393, at *2 (C.D. Cal. June 28, 2021); *Gunnells v. Comm'r of Soc. Sec. Admin.,* No. CV2000357TUCSHREJM, 2021 WL 6295831, at *3 (D. Ariz. Nov. 24, 2021), report and recommendation adopted, No. CV2000357TUCSHREJM, 2022 WL 60547 (D. Ariz. Jan. 6, 2022); *Smith v. Colvin*, No. 3:12:-CV-000752-AC, 2016 WL 3647969, at *1 (D. Or. May 17, 2016), report and recommendation adopted, No. 3:12-CV-00752-AC, 2016 WL 3625547 (D. Or. July 5, 2016); *Jeremy Q. v. Comm'r, Soc. Sec. Admin.*, No. 6:19-CV-00383-MK, 2020 WL 2922180, at *1 (D. Or. June 3, 2020).

Although neither party specifically addresses the law of the case doctrine, the Court finds it is necessary to address this issue as ALJs are not free to

ORDER - 11

disregard orders pursuant to stipulated remands.  The law of the case doctrine

applies in the Social Security context.  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th

Cir. 2016).  Under the law of the case doctrine, a court is precluded from

revisiting issues which have been decided, either explicitly or implicitly, in a

previous decision of the same court or a higher court.  *Hall v. City of Los*

*Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).  The doctrine of the law of the

case "is concerned primarily with efficiency, and should not be applied when the

evidence on remand is substantially different, when the controlling law has

changed, or when applying the doctrine would be unjust."  *Stacy*, 825 F.3d at

567.

    Here, this Court's Order instructed the ALJ to reevaluate the medical

evidence, Plaintiff's symptom claims, the relevant musculoskeletal listings and

any limitations caused by fibromyalgia.  Tr. 935.  The Appeals Council then

stated the ALJ erred in her analysis of Listing 1.04A, as well as the analysis of

Plaintiff's headache and fibromyalgia symptoms.  Tr. 940-41.  The Appeals

Council directed the ALJ to further evaluate whether Plaintiff meets or equals a

musculoskeletal listing; reevaluate the severity of Plaintiff's headaches;

reevaluate Plaintiff's symptoms and provide rationale consistent with the

regulations; and evaluate Plaintiff's fibromyalgia symptoms and resulting

limitations.  *Id.*

1    Dr. Tacheny's opinion addresses Plaintiff's diagnoses of migraines and

2  fibromyalgia. Tr. 754-56.  Despite being ordered to reevaluate the medical

3  evidence, and reevaluate Plaintiff's fibromyalgia and migraine symptoms, the

4  ALJ did not reevaluate Dr. Tacheny's opinion.  This error is compounded by the

5  fact that there is evidence the ALJ failed to properly reevaluate Plaintiff's

6  symptom claims and the other medical evidence she was ordered to reevaluate.

7  In evaluating the fibromyalgia symptoms, the ALJ copied the Appeals Council's

8  analysis, Tr. 857, 941, and added two additional medical appointments to the

9  summary, Tr. 857.  The ALJ also stated there are only two instances when

10  Plaintiff's migraines were symptomatic, which occurred in May 2019 and

11  October 2021.  Tr. 859.  However, in November 2016, Plaintiff was seen in the

12  emergency department for a severe migraine.  Tr. 403, 492.  In February 2017,

13  Plaintiff reported headaches.  Tr. 503.  In March 2017, Plaintiff was seen for

14  heartburn and migraines.  Tr. 504.  She reported her migraines had been much

15  worse for the past three weeks. *Id.*  In April 2017, Plaintiff reported "[c]onstant

16  headaches."  Tr. 508.  In March, June, and July 2018, Plaintiff reported

17  headaches.  Tr. 718, 723, 1346.

18    In reevaluating Plaintiff's symptom claims, the ALJ considered Plaintiff's

19  reported need to lie down and elevate her legs.  Tr. 859.  The ALJ stated "there is

20  no mention anywhere in the medical evidence of record from 2019 to 2022 where

ORDER - 13

1    she is reporting she has to do this or where the doctors are recommending she do

2    this." *Id.*  This is inaccurate, as Dr. Tacheny opined Plaintiff needs to lie down

3    for three to six hours per day.  Tr. 754-56.  In sum, the ALJ's analysis largely

4    restates the prior erroneous analysis, and the new analysis contains statements

5    that are not supported by substantial evidence.  As such, the ALJ erred in failing

6    to properly reconsider Dr. Tacheny's opinion as it relates to Plaintiff's symptom

7    claims and the medical evidence, as previously ordered.  On remand, the ALJ is

8    instructed to reevaluate Dr. Tacheny's 2019 opinion and reevaluate how the

9    opinion impacts the analysis of Plaintiff's symptom claims.  The Court notes that

10   copying the ALJ's 2019 or 2021 analysis, the Appeals Council's analysis, or this

11   Court's analysis, is not sufficient.  The ALJ is instructed to set forth a new

12   analysis that considers the medical evidence and Plaintiff's symptom claims from

13   the application date through the date of the new remand hearing.

14       *2.  Other Medical Opinions*

15       As the case is being remanded for the ALJ to reconsider Dr. Tacheny's

16   2019 opinion, the ALJ is also instructed to reconsider Dr. Tacheny's 2021

17   opinion and Ms. Hellberg's opinion.  For the purposes of the remand, the Court

18   notes that the ALJ also erroneously stated there are no medical opinions from

19   2019 through 2022 that stated Plaintiff needed to lie down or elevate her legs, Tr.

20   859, when Ms. Hellberg also opined Plaintiff needs to lie down, Tr. 861.  On

ORDER - 14

1   remand, the ALJ is directed to conduct new analyses of the medical opinions,

2   which shall not include the erroneous statements.

3   **B. Step Three**

4       Plaintiff contends that the ALJ erred by finding that Plaintiff's spinal

5   impairments, fibromyalgia, and migraines did not meet or equal Listings 1.15,

6   14.09D, or 11.02.  ECF No. 12 at 16-18.  At step three, the ALJ must determine if

7   a claimant's impairments meet or equal a listed impairment.  20 C.F.R. §

8   416.920(a)(4)(iii).

9       The Listing of Impairments "describes for each of the major body systems

10  impairments [which are considered] severe enough to prevent an individual from

11  doing any gainful activity, regardless of his or her age, education or work

12  experience."  20 C.F.R. § 416.925.  "Listed impairments are purposefully set at a

13  high level of severity because 'the listings were designed to operate as a

14  presumption of disability that makes further inquiry unnecessary.'"  *Kennedy v.*

15  *Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S.

16  521, 532 (1990)).  "Listed impairments set such strict standards because they

17  automatically end the five-step inquiry, before residual functional capacity is

18  even considered."  *Kennedy,* 738 F.3d at 1176.  If a claimant meets the listed

19  criteria for disability, she will be found to be disabled.  20 C.F.R. §

20  416.920(a)(4)(iii).

ORDER - 15

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original); 20 C.F.R. § 416.925(d).  "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ."  *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)).  "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment."  *Id*.  However, "[m]edical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three."  *Id*. at 1100 (quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of establishing her impairment (or combination of impairments) meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  "An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical

equivalence at step 3."  Social Security Ruling (SSR) 17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

Here, the ALJ found that Plaintiff's impairments and combinations of impairments did not meet or equal any listings, including Listing 1.15.  Tr. 853. The ALJ did not address Listings 14.09D nor 11.02.  Listing 1.15 requires evidence that satisfies the requirements of subsections A, B, C, and D:

A. Neuro-anatomic (radicular) distribution of one or more of the following *symptoms* consistent with compromise of the affected nerve root(s):
    1. Pain; or 2. Paresthesia; or 3. Muscle fatigue; AND
B. Radicular distribution of neurological *signs* present during physical examination or on a diagnostic test and evidenced by 1, 2, and either 3 or 4:
    1. Muscle weakness; and 2. Sign(s) of nerve root irritation, tension, or compression, consistent with compromise of the affected nerve root 3. Sensory changes evidenced by: a. Decreased sensation; or b. Sensory nerve deficit (abnormal sensory nerve latency) on electrodiagnostic testing; *or* 4. Decreased deep tendon reflexes; AND
C. Findings on imaging consistent with compromise of a nerve root(s) in the cervical or lumbosacral spine; AND
D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least *one* of the following:

    1. A documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; or 2. An inability to use *one* upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements, *and* a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or 3. An inability to use *both* upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

20 C.F.R. § 404, Subpt. P, App. 1, § 1.15 (emphasis in original).

Plaintiff contends she meets or equals Listing 1.15 and cites to evidence of imaging documenting encroachment on a nerve root, an antalgic gait, a prescription for a walker, neuroanatomic distribution of pain, decreased sensation and reflexes, weakness, and positive straight leg raise. ECF No. 12 at 17 (citing Tr. 360-61, 391, 394, 397, 503, 770). Defendant contends the ALJ cited to evidence supporting her conclusion that Plaintiff does not meet the listing, including evidence Plaintiff does not need to use a walker. ECF No. 13 at 7. Plaintiff was prescribed a walker in August 2017. Tr. 595. Plaintiff was documented as using a walker in June 2016, September 2016, September 2017, and December 2017. Tr. 396-99, 666, 773. Plaintiff was documented as using a cane in September 2018 and January 2019. Tr. 808, 1284. Plaintiff required the use of crutches in January through May 2018. Tr. 781, 783, 790, 1338, 1344, 1361. In June 2018, Plaintiff stated she "[c]annot walk without the brace" and Plaintiff expressed a desire to pursue right knee ACL reconstruction, which occurred by August 2018. Tr. 1304, 1308, 1291. In July 2018, Plaintiff reported shortness of breath with walking more than 50 feet, and she stated it was difficult to walk with her brace and crutch. Tr. 1294. Another July 2018 record notes Plaintiff was using crutches. Tr. 1296. Plaintiff was noted as having an antalgic gait in June 2016, September 2016, February 2017, August 2017, February 2018,

ORDER - 18

March 2018, May 2018, and September 2018.  Tr. 397, 399, 503, 783, 790.  In
December 2018, Plaintiff was four months post-right knee ACL reconstruction;
she had a "rock solid ligamentous exam" and had good range of motion.  Tr.
1291.  At the 2019 hearing, the medical expert opined Plaintiff could walk up to
two hours per day with the use of a walker.  Tr. 860.

There is a period of more than 12 months from August 2017 to September
2018 during which Plaintiff was prescribed a walker, and she had documented
use of a walker or crutches, and an antalgic gait, at multiple appointments during
the period.  In cases with similar evidence of a back impairment with symptoms
and limitations similar to Plaintiff's, courts have found the claimant had set forth
a colorable claim they equaled Listing 1.04a,[2] when the claimant had a BMI in
the high 40s and above.  *See, e.g., Carson v. Comm'r of Soc. Sec.*, No. 1:21-CV-
00004-EPG, 2022 WL 2954089, at *2 (E.D. Cal. July 26, 2022) (BMI 47.89);
*Petranoff v. Berryhill*, No. 16-CV-07321-RMI, 2018 WL 1399851, at *8 (N.D.
Cal. Mar. 20, 2018) (BMI of 61.27 to 66.27).  Here, Plaintiff's BMI has been

---

[2] Effective April 2, 2021, Listing 1.04 was replaced by Listing 1.15, "Disorders
of the skeletal spine resulting in compromise of a nerve root(s)," and Listing
1.16, "Lumbar spinal stenosis resulting in compromise of the cauda equina."  *See*
85 Fed. Reg. 78164-01.

between 45 and 57.  Tr. 855.  Plaintiff has presented a reasonable argument that she meets or equals Listing 1.15.  As the case is being remanded for the reasons discussed herein, the Court declines to address the remaining step three arguments.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

On remand, the ALJ is instructed to reevaluate the evidence at step three and reconsider whether Plaintiff meets or equals a listing, including Listings 1.15, 1.02, and 14.09D, for a portion or the entirety of the relevant period.  The ALJ should consider whether additional medical expert testimony would be beneficial to assist with determining whether Plaintiff meets or equals a listing.

**C. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims.  ECF No. 12 at 19-20.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment

ORDER - 20

could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness,

1  and side effects of any medication an individual takes or has taken to alleviate

2  pain or other symptoms; 5) treatment, other than medication, an individual

3  receives or has received for relief of pain or other symptoms; 6) any measures

4  other than treatment an individual uses or has used to relieve pain or other

5  symptoms; and 7) any other factors concerning an individual's functional

6  limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL

7  1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of

8  the evidence in an individual's record," to "determine how symptoms limit ability

9  to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

10  　　　　The ALJ found that Plaintiff's medically determinable impairments could

11  reasonably be expected to cause some of the alleged symptoms, but that

12  Plaintiff's statements concerning the intensity, persistence, and limiting effects of

13  her symptoms were not entirely consistent with the evidence.  Tr. 855.  As the

14  case is being remanded for the reasons discussed *supra*, the ALJ is also instructed

15  to reconsider Plaintiff's symptom claims.  For the purposes of the remand, the

16  Court notes that the ALJ erroneously rejected Plaintiff's statement that she needs

17  to lie down and elevate her legs because no medical source opined she needed to

18  lie down or elevate her legs; as discussed *supra,* two medical providers opined

19  Plaintiff needed to lie down during the day.  *See* Tr. 860-61.  The ALJ also

20  erroneously stated Plaintiff's migraines were only symptomatic on two occasions,

ORDER - 22

Tr. 859, which is inconsistent with the medical records.  On remand, the ALJ is directed to set forth a new analysis of Plaintiff's symptom claims; the analysis should not copy the prior analyses and should not repeat the erroneous statements.

### D. Step Five

Plaintiff contends the ALJ erred at step five by relying on vocational expert testimony that was based on an incomplete RFC.  ECF No. 12 at 20-21.  As the case is being remanded for the reasons discussed herein, the ALJ is also instructed to perform the five-step analysis anew, including reconsidering Plaintiff's RFC and the vocational analysis.  The ALJ is instructed to call a vocational expert to take additional testimony if necessary.

### E. Remedy

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 12 at 21-22.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d

587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court finds further proceedings are necessary to resolve conflicts in the evidence.  Although Plaintiff alleges she uses a walker 90 percent of the time, there is minimal documentation of her use of a walker at appointments.  Tr. 854. There are many appointments where Plaintiff is documented as having a normal

gait, without the use of an assistive device.  *See, e.g.,* Tr. 408, 445, 484, 494, 507, 591, 666, 804.  Plaintiff also reported engaging in activities that are not consistent with someone who uses a walker 90 percent of the time, including sledding, fishing, dancing, walking daily for 30 minutes to over an hour, and going to the beach to go swimming.  Tr. 806, 810, 1029, 1068, 1076, 1097, 1178, 1182. Plaintiff reported moving into a home with stairs, requiring she climb stairs more frequently.  Tr. 1114.  Plaintiff's reports regarding her activities do not mention the use of an assistive device.  There are also many generally normal physical examinations, intermixed with abnormal examination findings.  *See, e.g.,* Tr. 401, 449, 586, 674.  As such, the Court remands the case for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 12**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 13**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to

ORDER - 25

1 sentence four of 42 U.S.C. § 405(g).  The District Court Executive is directed to

2 file this Order, provide copies to counsel, and **CLOSE THE FILE**.

3          DATED September 12, 2023.

4                    _s/Mary K. Dimke_
                   MARY K. DIMKE
5            UNITED STATES DISTRICT JUDGE

ORDER - 26